[Docket No. 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CLARENCE CROSS,<br><br>   Plaintiff,<br><br>v.<br><br>PATROLMAN MICHAEL GALLEGOS,<br><br>   Defendant. | No. 20-3174 (RMB/MJS)<br><br>OPINION |

**APPEARANCES**:

Derek Alan Steenson
By: Derek Alan Steenson, Esq.
1500 Walnut Street
#700
Philadelphia, PA 19102
  *Attorney for Plaintiff*

Zeller & Wieilczko LLP
By: Dean R. Wittman, Esq.
   Matthew B. Wieliczko, Esq.
120 Haddontowne Court
Cherry Hill, NJ 08034
  *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

  This matter comes before the Court upon Defendant Michael Gallegos's

("Defendant" or "Gallegos") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For

the reasons discussed herein, the Court will deny this motion.

1

I. **BACKGROUND**

On March 24, 2018, Plaintiff Clarence Cross ("Plaintiff" or "Cross") was driving his vehicle in Lindenwold, NJ as he was leaving a restaurant. [Docket No. 13, at ¶ 9]. Plaintiff alleges that, almost immediately after leaving the restaurant, Defendant began to follow him. [Id. at ¶ 11]. Shortly thereafter, Defendant allegedly activated the lights on his patrol-car and pulled Plaintiff over. [Id. at ¶ 12]. According to the Amended Complaint, Defendant informed Plaintiff that he stopped Plaintiff after witnessing him cross the center line twice. [Id. at ¶ 13]. This, Plaintiff claims, is untrue. [Id. at ¶ 14].

Defendant then allegedly ordered Plaintiff to undergo a field sobriety test. [Id. at ¶15]. Plaintiff argues that Defendant lacked probable cause to order this test, but that he complied and passed. [Id. at ¶¶ 16-17]. Nevertheless, Defendant allegedly arrested Plaintiff for Driving While Intoxicated and took him to the police station. [Id. at ¶ 18]. Once they arrived at the station, Plaintiff alleges that he was forced to take a breathalyzer test, which resulted in a 0.00% blood alcohol content. [Id. at ¶¶ 19-21]. Upon completing this breathalyzer test, Plaintiff was released and served with a Complaint-Summons for Driving While Intoxicated. [Id. at ¶ 22]. Plaintiff claims, however, that he was unable to retrieve his car because Defendant ordered the car towed. [Id. at ¶ 23]. The Amended Complaint further alleges that, about eight months later, Defendant served Plaintiff with another Complaint-Summons arising from his March 24 arrest, this time for Reckless Driving. [Id. at ¶ 24]. Finally, Plaintiff alleges that about one year after his arrest, a Municipal Court Judge dismissed Plaintiff's Driving While Intoxicated charge for lack of evidence, downgraded Plaintiff's Reckless Driving charge to speeding, and accepted Plaintiff's guilty plea of "going forty-nine miles-per-hour in a forty-five miles-per-hour zone." [Id. at ¶ 26].

## II. STANDARD OF REVIEW

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). The Court may consider only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

## III. ANALYSIS

In his Amended Complaint, Plaintiff argues that Defendant violated his Fourth and Fourteenth Amendment Rights in violation of 42 U.S.C. § 1983. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

To establish a claim under § 1983, "a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). The Court begins its analysis of a plaintiff's § 1983 claims by identifying "the exact contours of the underlying right said to have been violated," and determining "whether the plaintiff has alleged a deprivation of a constitutional right at all." Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 (1998)).

Here, Plaintiff contends that Defendant subjected him to unlawful arrest, unlawful detention, and malicious prosecution in violation of his Fourth and Fourteenth Amendment rights. § 1983 applies to each of these claims. See Berg v. Cty. of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000) (unlawful arrest and unlawful detention); McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (malicious prosecution).

Defendant's instant motion argues that the Amended Complaint fails to state a claim under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a plaintiff cannot maintain a malicious prosecution action unless he "allege[s]" and "prove[s]" the "termination of the prior criminal proceeding in [his favor]. 512 U.S. at 484. Thus, Defendants contend, Plaintiff's claim must be dismissed with prejudice since he pleaded guilty to speeding. In response, Plaintiff argues that Heck does not bar his claims

4

because he was arrested and prosecuted for Driving While Intoxicated—a charge which was dropped—and he instead pleaded guilty to speeding, which involves separate and distinct conduct from intoxicated driving.

Plaintiff primarily relies on the Second Circuit's decision in Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989). In Janetka, the plaintiff was arrested and charged with both disorderly conduct and resisting arrest. 892 F.2d at 188. He was later found not guilty of resisting arrest and guilty of disorderly conduct. Id. at 189. Thereafter, he brought a § 1983 claim against the arresting officer for malicious prosecution of his resisting arrest charge. Id. The Second Circuit then held that the plaintiff's acquittal for resisting arrest, notwithstanding his guilty verdict for disorderly conduct, was a "favorable termination" under Heck, and thus his claim could proceed. Id. at 190. The Court explicitly rejected the argument that the dispositive factor in this analysis is whether the "acquittal arose out of events that occurred on the same occasion as a charge resulting in conviction." Id. (internal quotation marks omitted). This, the Court reasoned, would allow police officers to "add unsupported serious charges to legitimate minor charges with impunity." Id.

The Third Circuit, however, does not strictly follow Janetka. In Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009), the Third Circuit considered "[w]hether acquittal on at least one criminal charge constitutes 'favorable termination' for the purpose of a subsequent malicious prosecution claim, when the charge arose out of the same act for which the plaintiff was convicted on a different charge during the same criminal prosecution." 564 F.3d at 188 (3d Cir. 2009). Kossler was an issue of first impression for the Third Circuit, and it noted that it was "not bound by Janetka and disagree[d] with it insofar as it rejects an analysis that considers whether the charge resulting in acquittal arises out of the same

5

conduct as the charge resulting in conviction." Id. at 190. Instead, the Third Circuit held that "[w]hen the circumstances—both the offenses as stated in the statute and the underlying facts of the case—indicate that the judgment as a whole does not reflect the plaintiff's innocence, then the plaintiff fails to establish the favorable termination element." Id. at 188.

Like Kossler, Plaintiff received a favorable termination "of some[,] but not all[,] individual charges," and thus he has "not necessarily establish[ed] the favorable termination of the criminal proceeding as a whole." Id. So, the Court must consider whether the judgment as a whole reflects Plaintiff's innocence.

The Court finds that Plaintiff received a favorable termination of his criminal charges for Driving While Intoxicated, and he may now assert his malicious prosecution claim. As the Third Circuit makes clear in Kossler, courts must distinguish between "charges arising from the same occasion and charges arising from the same conduct." Id. at 190 (emphasis added). Defendant argues that the charges for "Driving While Intoxicated and Reckless Driving, downgraded to Speeding, did arise out of the same conduct—Plaintiff's operation of a motor vehicle on March 24, 2018." [Docket No. 17-2, at 6]. But this is incorrect; Plaintiff's operation of a motor vehicle on March 24, 2018, is the occasion, not the conduct. The "conduct" for Driving While Intoxicated, as relevant here, concerns driving under the influence of "intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operat[ing] a motor vehicle with a blood alcohol concentration of 0.08% or more." NJ Rev Stat § 39:4-50 (2013). Whether Plaintiff sped or drove recklessly is separate and distinct conduct. Indeed, one can drive recklessly without driving under the influence, and an intoxicated driver is not necessarily speeding.

Moreover, Plaintiff was not charged with Reckless Driving for approximately eight months after his arrest. Although the Third Circuit did not explicitly adopt Janetka, the Court agrees with Plaintiff that this scenario reflects the Second Circuit's precise concern, which this Court shares—that police officers would be able to charge criminal defendants with both unsupported serious charges and legitimate minor chargers with impunity. See Janetka, 892 F.2d at 190. Indeed, Defendant's argument would permit police officers to charge every speeder with Driving While Intoxicated—even without probable cause[1] and months after the fact—and yet, avoid civil claims for malicious prosecution or false arrest. This result was not the Supreme Court's intention in Heck.

## IV.   CONCLUSION

Thus, for the foregoing reasons, Defendant's Motion is DENIED. An appropriate Order accompanies this Opinion.

Dated: August 12, 2021                              s/Renée Marie Bumb
                                                    RENÉE MARIE BUMB
                                                    United States District Judge

---

[1] At this time, the Court takes no position on probable cause in this matter.